IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| JUANITA WILLIAMS, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUANTUM 3 MEDIA, LLC<br><br>Defendant. | **Complaint**<br>**[Jury Trial Demanded]**<br><br>Case No. 3:23-cv-37 |

## CLASS ACTION COMPLAINT

Plaintiff Juanita Williams (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

### Preliminary Statement

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to

1

strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Quantum 3 Media, LLC ("Quantum 3") made telemarketing calls to numbers on the National Do Not Call Registry, including their own.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Juanita Williams is an individual residing outside of the state of North Carolina.

7. Defendant Quantum 3 Media, LLC is a New Jersey limited liability company with a principal place of business in Charlotte

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the NCTSA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

9. This Court has general jurisdiction over the defendant, as it is based in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District and 28 U.S.C. § 1391(b)(2) because the telemarketing calls at issue were made from this District.

**The Telephone Consumer Protection Act**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

16. Quantum 3 is a lead generation company.

17. It specializes in finding leads for insurance companies.

18. To generate these leads, Quantum 3 relies on telemarketing.

<u>The Calls to Plaintiff</u>

19. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

20. Plaintiff's telephone number is (334) 733-XXXX.

21. Ms. Williams registered that number on the National Do Not Call Registry on August 11, 2022.

22. Ms. Williams uses the number for personal, residential, and household reasons.

23. Ms. Williams did not provide her prior express written consent to receive telemarketing calls from the Defendant.

24. Yet, the Plaintiff received telemarketing calls from the Defendant on at least October 30, 31, November 3, 13, 2022.

25. Most of the calls came from a (479) 341 call exchange.

26. All of the calls had a similar script.

27. The calls were designed to generate a health insurance lead.

28. The Defendant's telemarketers asked the Plaintiff her age, if she has Medicare or any other insurance.

29. The asked other health insurance related qualification questions.

30. On multiple occasions the Plaintiff informed the Defendant that she was not interested.

31. Despite that, the Plaintiff received further calls.

32. Indeed, other individuals, including former employees, have commented on the Defendant's nefarious lead generation practices:

> DO NOT WORK HERE!!!!!!! If I could give this place 0 stars I would. They are a spam calling company they call 50 times a day and I should know I worked there….
>
> Professional harrassment company that spams and scams people under false pretenses. They don't stop calling even after requesting cessation. Should be investigated and fined by the FCC…
>
> These folks are some kind of GIANT SCAM company. I've never contacted them or requested anything from them, but I have received about a dozen calls in the last 3 days. And all are from different phone #s and area codes. I have no idea what they offer and don't care! I keep blocking the #'s, but they then use another #...
>
> They try to say it's so easy to get transfers which is true if you like HARASSING the heck out of the elderly/disabled. You're told to continue trying to get the lead to transfer even if they say they're busy…
>
> Also they teach in training to continue to call people that wants to be off the call list. They do nothing to remove your number…

*See* https://bit.ly/3iKA1z4 (Last Visited January 16, 2023).

33. Prior to the filing of this lawsuit, the Plaintiff, through counsel, wrote to the Defendant to inform them of the illegal calls.

6

34. The Defendant did not deny making the calls.

35. Indeed, the Plaintiff wrote to the Defendant on November 7, 2022.

36. Despite that, more telemarketing calls were received, including at least the call on November 13, 2022.

37. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for Defendant's lead generation services.

38. These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

39. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines from legitimate communication.

## Class Action Statement

40. Plaintiff brings this action on behalf of herself and the following class pursuant to Federal Rule of Civil Procedure 23(b)(2) or (b)(3):

**Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from four years prior to the filing of the case through the date of class certification.

41. Plaintiff is a member of the Do Not Call Registry Class.

42. The Plaintiff will fairly and adequately represent and protect the interests of this class as she has no interest that conflict with any of the class members.

43. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

44. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

45. The Class as defined above are identifiable through the Defendant' dialer records, other phone records, and phone number databases.

46. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

47. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

48. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

49. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

50. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant sent telemarketing calls;

    (b) Whether the Defendant made telemarketing calls to numbers on the National Do Not Call Registry Class;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

51. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

52. Plaintiff has no interests which are antagonistic to any member of the Class.

53. Plaintiff have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question

9

concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

55. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

56. Plaintiff repeats and incorporates the prior allegations as if fully set forth herein.

57. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

58. The Defendant's violations were negligent, willful, or knowing.

59. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

60. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling cellular telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message or making telemarketing calls to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. For a trial by jury;

E. Such other relief as the Court deems just and proper.

MAGINNIS HOWARD
*Counsel for Plaintiff*

/s/ *Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Telephone: 919-526-0450
Fax: 919-882-8763
kgwaltney@maginnishoward.com
**Local Civil Rule 83.1 Counsel for Plaintiff**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

12